LA SALLE NATIONAL BANK, as Trustee, Plaintiff-Appellant, v. REFRIGERATED TRANSPORT COMPANY, INC., Defendant-Appellee.

First District (5th Division) No. 85—1139

Opinion filed December 31, 1987.

Ash, Anos, Freedman & Logan, of Chicago (Bruce T. Logan, of counsel), for appellant.

No appearance for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, La Salle National Bank (La Salle National), as trustee under trust No. 46879, initiated this action against the defendant, Refrigerated Transport Company (Refrigerated). The trial court granted Refrigerated's motion to dismiss count I of La Salle National's second amended complaint; La Salle National appeals. We affirm.

On February 11, 1985, La Salle National Bank, as trustee under

trust No. 46879, filed a second amended complaint for an injunction, an order restraining the commission or suffering of waste upon the premises that La Salle National leased to Refrigerated and that Refrigerated be adjudged a holdover tenant. La Salle National alleged that on March 1, 1984, La Salle National, as trustee of trust No. 46879, entered into a lease agreement with Refrigerated for the lease of a trucking terminal located in Bedford Park, Illinois. The lease was for a 10-year term commencing on June 1, 1974, and terminating on May 31, 1984. Paragraph two of the lease agreement provided:

> "[Lessee] will keep the premises including all appurtenances, in good repair *** and upon the termination of this lease, in any way, will yield up the premises to Lessor, in good condition and repair ***."

La Salle National further alleged that Refrigerated violated paragraph two of the lease agreement by failing to maintain the roof, repair the office area, the air conditioning equipment, the exterior masonry walls, and other exterior members of the building. La Salle National also asserted that Refrigerated caused damage to the refrigerator room and failed to perform numerous other repairs. La Salle National maintained that Refrigerated's failure to make the necessary repairs constituted waste requiring repairs totaling $20,975 in costs.

We hold that the trial court did not err in refusing to grant La Salle National equitable relief when monetary recovery was an adequate remedy at law for La Salle National. (*Aldens, Inc. v. Rosewell* (1979), 71 Ill. App. 3d 754, 390 N.E.2d 476.) Equitable relief is not available if there is an adequate remedy at law. (*Sta-Ru Corp. v. Mahin* (1976), 64 Ill. 2d 330.) For the remedy at law to be adequate the remedy must be clear, complete, and as practical and efficient to the ends of justice and its prompt administration as an equitable remedy. *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540; *K. F. K. Corp. v. American Continental Homes, Inc.* (1975), 31 Ill. App. 3d 1017, 335 N.E.2d 156.

In determining the propriety of the dismissal of count I of the second amended complaint, we must accept all properly pleaded facts as true. (*Fancil v. Q. S. E. Foods, Inc.* (1975), 60 Ill. 2d 552.) La Salle National's entitlement to monetary recovery is not only certain, but it is also an object of count I of La Salle National's second amended complaint, in which La Salle National contends that the rents that would have been generated from Refrigerated's holdover tenancy would have enabled La Salle National to defray its mortgage expenses and retain the title to the premises. La Salle National contends also in count I that the imposition of a holdover tenancy upon Refrigerated

would impose the burden on Refrigerated to continue its tenancy or rehabilitate the premises. Count I reflects that the object thereof was monetary recovery to La Salle National from Refrigerated. Therefore, La Salle National's action for damages was "as practical and efficient to the ends of justice" as an equitable remedy. Consequently, we conclude that count I of La Salle National's second amended complaint showed that an adequate remedy at law existed in the form of monetary recovery in favor of La Salle National and against Refrigerated. Therefore the trial court properly dismissed count I of La Salle National's second amended complaint for the equitable relief sought therein.

■ The record reflects that the trial court dismissed count I of La Salle National's second amended complaint for want of equity and not because the lease terminated during the pendency of this cause or because of the nonexistence of precedent, as alleged in La Salle National's brief. Equity does not entertain complaints the fundamental object of which is to secure monetary damages. *Doll v. Continental Illinois National Bank & Trust Co.* (1945), 326 Ill. App. 264, 61 N.E.2d 875.

We affirm the order of the trial court dismissing count I of La Salle National's second amended complaint.

Affirmed.

LORENZ and MURRAY, JJ., concur.