*In re* CARLENN H., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Cynthia H., Respondent-Appellant).

First District (3rd Division) No. 1—86—2466

Opinion filed August 2, 1989.

John S. Elson, of Northwestern University Legal Clinic, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Carol L. Gaines, and Janet C. Mahoney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

The subject of this appeal is an order entered by the circuit court of Cook County for the adjudication of wardship and appointment of a guardian on behalf of a minor, Carlenn H. The circuit court found that the minor's mother, respondent Cynthia H., allowed a sex offense to be committed against her, and that the environment was injurious to her welfare. On appeal, respondent contends that the petition for adjudication of wardship failed to state a cause of action and that it failed to properly invoke the jurisdiction of the court. The respondent also contends that the court's finding that the child was abused was against the manifest weight of evidence, and that the trial court's finding that the minor's environment was injurious to her welfare was improper because it was based on evidence relating to sexual abuse.

Carlenn was nine years old at the time of the adjudicatory hearing and was the only person to testify. She testified that she previously resided on South Ada Street in Chicago with respondent and respondent's boyfriend, Michael Atkins. Carlenn stated that Atkins lived with them for three years beginning in 1983, but later testified that he came to the house in the autumn of 1985. Carlenn stated that Atkins entered her bedroom almost every night for approximately one year and subjected her to various forms of sexual activity, including fellatio and sexual intercourse. According to Carlenn, respondent was in another room of the house during these incidents. Carlenn also testified that Atkins threatened to kill her if she told anyone about the sexual activity.

Carlenn initially reported the incidents to respondent's friend whose only response was that it was "a shame." Carlenn stated that she eventually told respondent about the sexual activity but could not remember exactly when she spoke to respondent or her friend. Carlenn did say that she reported the incidents to respondent several times because she did not think that respondent believed her. The last person to whom Carlenn spoke was her aunt who, after being told

about the sexual incidents on three separate occasions, contacted authorities.

On cross-examination, Carlenn stated that she did not report the incidents to respondent until March 1986, the date of her removal from the home. She later testified that she spoke with respondent about the sexual activity before she was taken from the respondent's custody. Carlenn acknowledged that she did not remember the exact time period, but knew that she had repeatedly told respondent of the abuse before reporting it to her aunt.

Following Carlenn's testimony and the admission of the medical record of her physical examination, the court made its findings. The court found that Carlenn was sexually abused and that respondent had allowed a sexual offense to be committed against her. The court based its findings on Carlenn's testimony and the inferences drawn therefrom, particularly the testimony that the sexual activity occurred in the respondent's home on a daily basis for approximately one year.

Following the finding of sexual abuse, a dispositional hearing was conducted. Theotis Lockett, a social worker for the Department of Children and Family Services, testified as to the recommendations of the therapists who had been counseling respondent and Carlenn. Their recommendation was that Carlenn not be returned to respondent's custody because Atkins was living with respondent, respondent did not believe that Atlkins had sexually abused her daughter and Carlenn was afraid to return home while Atkins was living there.

■■ Respondent's first contention is that the petition for the adjudication of wardship failed to state a cause of action and failed to invoke the jurisdiction of the "Juvenile Court." There is no jurisdictional tribunal that is designated as the Juvenile Court. Any matter which involves juvenile is within the jurisdiction of the circuit court, which derives its jurisdiction from the Illinois Constitution. (*In re L.E.J.* (1983), 115 Ill. App. 3d 993, 451 N.E.2d 289.) Under the Constitution of 1970, the circuit court has original jurisdiction "of all justiciable matters." (Ill. Const. 1970, art. VI, §9; *In re L.E.J.*, 115 Ill. App. 3d 993, 451 N.E.2d 289; *In re Dragoo* (1981), 96 Ill. App. 3d 1104, 422 N.E.2d 263.) Therefore we conclude that, whatever the deficiencies of the petition at issue, the petition presented a justiciable matter that was within the subject matter jurisdiction of the circuit court.

■■■ Respondent also argues that the petition was fatally defective because it did not allege sufficient facts to enable her to prepare a defense. Ordinarily, the sufficiency of a complaint cannot be raised for the first time on appeal, and failure to raise the issue in the trial court results in a waiver on appeal. (*Pieszchalski v. Oslager* (1984), 128 Ill.

App. 3d 437, 470 N.E.2d 1083; *Oberman v. Byrne* (1983), 112 Ill. App. 3d 155, 445 N.E.2d 374.) The sufficiency of the instant petition was not raised by respondent in the trial court, but she relies on *In re B.K.* (1984), 121 Ill. App. 3d 662, 460 N.E.2d 43, to support her contention that the issue was not waivable. However, *In re B.K.* provides that a waiver of an express allegation in a petition may occur if the issue is injected into the proceedings by the parties and actually tried at the hearing. Here, the issue of child abuse was injected into the proceeding by the parties and actually tried at the hearing. In addition, the petition for adjudication of wardship alleged that Carlenn was abused because respondent committed or allowed to be committed against her a sex offense listed in the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 1—1 *et seq.*). The petition further alleged that Carlenn's environment was injurious to her welfare. Respondent had sufficient notice of the allegations and ample opportunity to investigate and present evidence in her defense when the matter was continued for hearing from March to July 1986. Therefore, we conclude that any deficiencies of the petition for adjudication of wardship did not violate the due process rights of respondent and that the alleged deficiency cannot be raised for the first time on appeal.

■ Respondent next contends that the trial court's finding of abuse was against the manifest weight of the evidence because Carlenn's testimony as to when she told respondent of the incidents of abuse was contradictory. Pursuant to section 2—4(2)(a)(iii) of the Juvenile Court Act then in effect, a sexually abused minor is one:

"(a) whose parent ***

\* \* \*

(iii) *** allows to be committed any sex offense against such minor ***." Ill. Rev. Stat. 1985, ch. 37, par. 702—4(2)(a)(iii).

In the instant case, the trial judge found that Carlenn was sexually abused and that the parent allowed the sexual abuse after Carlenn told respondent on several occasions that respondent's boyfriend was subjecting her to various sexual acts. Although there were contradictions in her testimony as to when she reported these incidents and when Atkins came to live with respondent, Carlenn described sexually explicit acts which she had experienced. Whether it was due to the subject matter about which she was testifying or other factors, it was apparent that she had difficulty with her perception of time. This did not mean that the sexual incidents did not occur and that she did not report them to respondent prior to being removed from respondent's custody.

■■ In cases involving the credibility of children who testify as

to sexual abuse, the trial court must have broad discretion to reach a just determination, and a finding of abuse by the trial court is entitled to great deference. (*In re Stilley* (1977), 66 Ill. 2d 515, 363 N.E.2d 820; *In re T.H.* (1986), 148 Ill. App. 3d 877, 499 N.E.2d 988.) In this case, the trial court considered the contradictions in Carlenn's testimony as to when she reported the sexual activity to respondent, but found that the minor testified clearly and convincingly with respect to the sexual abuse and that her testimony was rehabilitated as to when she reported the abuse to the respondent. The court found that Carlenn told respondent of the abuse on several occasions prior to her removal from the home. In addition, the court determined that a reasonable inference could be drawn that the respondent had knowledge of what occurred because of the duration and consistency of the abuse. For these reasons, we conclude that the trial court's finding that respondent allowed the sex offenses to be committed against her daughter was not against the manifest weight of the evidence.

■■ ■ Respondent's final contention is that the trial court's finding that Carlenn's environment was injurious to her welfare must be reversed because it was based on evidence relating to the incidents of sexual abuse. We disagree. The concept of an injurious environment is an amorphous one which cannot be defined with particularity, but rather each case should proceed on its own facts. (*In re Harpman* (1986), 146 Ill. App. 3d 504, 511, 496 N.E.2d 1242, 1246.) Plainly, the nightly episodes of sexual abuse constituted an injurious environment. In addition, Atkins threatened to kill Carlenn if she reported the incidents, and he remained in the household after his conduct was reported, thereby causing additional trauma to Carlenn. Moreover, Carlenn had to report the sexual abuse to three adults on several different occasions before any action was taken and the respondent continued to disbelieve her. We believe that each of these circumstances created an injurious environment. *In re Harpman* (1986), 146 Ill. App. 3d 504, 496 N.E.2d 1242; *In re Marcus E.* (1989), 183 Ill. App. 3d 693, 539 N.E.2d 344.

For the foregoing reasons, the order of the circuit court is affirmed.

Affirmed.

WHITE and CERDA, JJ., concur.