*In re* DAVID D. (David D., Respondent-Appellant, v. The People of the State of Illinois, Petitioner-Appellee (Lovey D., Respondent-Appellee)).

First District (3rd Division) No. 1—89—2335

Opinion filed September 5, 1990.

Patrick T. Murphy, Public Guardian, of Chicago (Michael G. Dsida, Assistant Public Guardian, of counsel), for appellant.

Randolph N. Stone, Public Defender, of Chicago (Lynn Flanagan Wilson and Richard E. Gade, Assistant Public Defenders, of counsel), for appellee Lovey D.

JUSTICE RIZZI delivered the opinion of the court:

On June 23, 1988, a petition for adjudication of wardship in the interest of David D. (petition), a five-year-old minor, was filed in the juvenile division of the circuit court of Cook County. The petition alleged in count I that David was abused in that his parent committed or allowed to be committed against David a sex offense listed in the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1987, ch. 37, par. 802—3(a)(2)(iii)). In count II it was alleged that David was abused in that his environment was injurious to his welfare. (Ill. Rev. Stat. 1987, ch. 37, par. 802—3(1)(b).) On the same day, the public guardian was named as David's guardian *ad litem* and an order of protection was entered. Under the order David and his sisters, Christine and Latera, were placed in the custody of their mother, respondent Lovey D.

A petition for supplemental relief was filed on June 8, 1989, alleging that respondent violated the order of protection. It asked the court to vacate the protection order and appoint the maternal grandmother as temporary custodian.

An adjudicatory hearing on the original petition was held on July 25, 1989. The father was defaulted and is not a party to the appeal. David was represented by the public guardian as his guardian *ad litem* and attorney. Respondent was represented by the public defender. The State amended the petition prior to the hearing by striking count I and amending count II to provide that David was a "neglected" minor to conform to the language in the recently amended Juvenile Court Act of 1987. Ill. Rev. Stat., 1988 Supp., ch. 37, par. 802—3(1)(b).

The State presented the stipulated testimony of Christine D., David's maternal grandmother. The testimony showed that in January 1988, respondent moved out of Christine D.'s home with David and La-

tera and into the home of David W., the children's father. Respondent lived with David W. until June 1988. In June 1988, but prior to June 21, 1988, Latera was taken to Ingalls Hospital. She was released on June 21, 1988, and taken to Mt. Sinai Hospital for an evaluation. After Latera was released, her grandmother had an occasion to speak with Latera. Latera informed Christine D. that David W., her father, "had been sticking his pee-pee into her vagina, pointing at the vagina area."

The State presented the medical records from Mt. Sinai Hospital regarding the June 1988 evaluation of Latera. She had been diagnosed as having been sexually abused. Following admission of the documents into evidence, the State rested.

Respondent moved for a directed finding with respect to David on the grounds that there was no testimony or evidence that showed his environment was injurious to him. The State argued that based upon *In re Brooks* (1978), 63 Ill. App. 3d 328, 379 N.E.2d 872, David's environment was injurious to him because he was living in an environment where his sister was sexually abused even though there was no indication that David knew about or was exposed to the abuse of Latera. The court granted respondent's motion and dismissed the petition with respect to David. The public guardian filed a timely notice of appeal.

The issue on appeal is whether the State presented sufficient evidence to establish a *prima facie* case that David's environment was injurious to his welfare. The public guardian claims that the evidence of sexual abuse with respect to Latera was sufficient to find that David's environment was injurious to him. See *In re Brooks* (1978), 63 Ill. App. 3d 328, 379 N.E.2d 872.

The public guardian also raises an equal protection argument with respect to the claim that David's gender may have eliminated him from the protection of *Brooks* since it was his sister who was sexually abused. This argument is made apparently in response to respondent's argument at the hearing that the sexual contact occurred between a male and female and there was no showing that the father would sexually abuse all his children. However, we do not deem it necessary to address this point in light of our decision.

■ Under section 2—3(1)(b) of the Juvenile Court Act of 1987 (Act), a minor whose environment is injurious to his or her welfare is a neglected minor. (Ill. Rev. Stat., 1988 Supp., ch. 37, par. 802—3(1)(b).) The Act provides that proof of abuse, neglect or dependency of one minor is admissible evidence on the issue of abuse, neglect or dependency of another minor for whom the parent is responsible. (Ill. Rev. Stat., 1988 Supp., ch. 37, par. 802—18(3); see *In re S.M.* (1988), 171 Ill. App. 3d 361, 525 N.E.2d 565.) An injurious environment for a minor may be

found based upon a parent's behavior toward a sibling. See *In re S.M.*, 171 Ill. App. 3d at 366; *In re Brooks* (1978), 63 Ill. App. 3d 328, 379 N.E.2d 872.

The court in *In re Brooks* (1978), 63 Ill. App. 3d 328, 379 N.E.2d 872, found that evidence of physical abuse of the minor's two siblings was sufficient to find that the minor was subjected to an injurious environment. The minor was found to be a neglected minor. In its determination the court reasoned that the juvenile court should not be forced to refrain from taking action until each child suffers an injury.

■ Respondent attempts to distinguish *Brooks* by noting that the mother therein was accused of inflicting abuse on one of the minors and respondent herein is not. However, the petition herein alleged neglect based upon an injurious environment which respondent was part of and responsible for. (See *In re Simmons* (1984), 127 Ill. App. 3d 943, 469 N.E.2d 215.) Further, the hearing was an adjudicatory one to determine whether David was a neglected minor under the Act and not a dispositional hearing. We also point out that an adjudication of neglect was entered against the father in *Brooks* although the child's allegations were directed at the mother. See *In re Brown* (1981), 86 Ill. 2d 147, 427 N.E.2d 84 (wherein a noncustodial father was found unfit under the Adoption Act for failing to protect the child from an injurious environment).

In *In re S.M.* (1988), 171 Ill. App. 3d 361, 525 N.E.2d 565, the reviewing court upheld the trial court's finding that a minor was abused although there was no evidence that she was physically molested. The minor's sister was found to be sexually abused by her father. The court cited *Brooks* in support of its position. While respondent distinguishes *S.M.* and later *In re Harpman* (1986), 146 Ill. App. 3d 504, 496 N.E.2d 1242, on the basis that David does not live with the abusive parent any longer, we again state that this was a hearing to determine neglect and not a dispositional hearing.

In *In re A.D.R.* (1989), 186 Ill. App. 3d 386, 542 N.E.2d 487, the court found a minor neglected on the basis of physical abuse by one parent against the other parent. The court stated that it would not wait until A.D.R. became a victim of the physical abuse or until she was emotionally damaged by the repeated beatings of her mother. In *In re Harpman* (1986), 146 Ill. App. 3d 504, 496 N.E.2d 1242, an injurious environment was established for three minors whereby the father had been found unfit by reason of sexual abuse of his daughters by a prior marriage. There was no direct evidence of sexual or other abuse of the minors in issue in *Harpman*.

Respondent contends that *Harpman* is distinguishable because it did

not involve a termination of parental rights and the instant case does. The record indicates that the present hearing was an adjudicatory one to determine wardship based upon neglect. It was not a dispositional hearing to terminate respondent's parental rights. Based on the foregoing, we find that the evidence of abuse of a sibling in the present case is sufficient to establish a *prima facie* case of neglect based upon an injurious environment to David.

The judgment of the circuit court, which granted respondent's motion for a finding and dismissed the petition regarding David, is reversed and the cause remanded for further proceedings.

Reversed and remanded.

CERDA, P.J., and WHITE, J., concur.