635 N.E.2d 570 (1994)
262 Ill. App.3d 906
200 Ill.Dec. 231
In the Interest of B.C., a minor. (The People of the State of Illinois, Petitioner-Appellant,
v. Maria M., Respondent-Appellee).
No. 1-92-3383.
Appellate Court of Illinois, First District, Fourth Division.
May 5, 1994.
Patrick T. Murphy, Kathleen G. Kennedy, and John A. Uglietta, Office of The Cook County Public Guardian, Chicago, for appellant.
Rita A. Fry, Cook County Public Defender, Chicago (Vicki Rogers, Asst. Public Defender, of counsel), for appellee.
Justice JOHNSON delivered the opinion of the court:
On August 28, 1992, the State of Illinois, filed a petition for adjudication of wardship in the circuit court of Cook County on behalf of B.C. and her two brothers, alleging that they were neglected and that their environment was injurious to their welfare in violation of section 2-3(1)(b) of the Juvenile Court Act of 1987 (hereinafter the Act) (Ill.Rev. Stat.1991, ch. 37, par. 802-3(1)(b).) After conducting a temporary custody hearing regarding the petition, the trial court found probable cause to remove the brothers from the custody of their mother, respondent, Maria M. However, the trial court did not find probable cause to remove B.C. from Maria M.'s custody.
On appeal, the State contends (1) Maria M.'s physical abuse and neglect of B.C.'s two siblings establishes probable cause as to the issue of whether B.C. is subject to an injurious environment; (2) evidence that Maria M. left B.C. without a "care plan" for approximately 1 year demonstrates that B.C. is neglected; and (3) the trial court abused its discretion in finding that B.C. should be left in the custody of her mother.
We reverse and remand.
The following evidence was adduced at the temporary custody hearing. Ed Martinez, an investigator with the Department of Children and Family Services (hereinafter DCFS), was assigned to the case involving B.C. and her brothers Javier and Rodrigo. On July 28, 1992, Rodrigo told Martinez that while his mother was intoxicated, she ordered him to make her something to eat. He refused, and she bit him on the arm. Immediately subsequent to this incident, the police were unable to locate Maria M. and issued a warrant for her arrest. She was eventually *571 found on August 26, 1992, and arrested. She was intoxicated at the time of her arrest. Martinez spoke to Maria M. and suggested that she seek help for her drinking problem. She refused to do so.
The father of Rodrigo, Rodrigo V., testified that his son was in a car accident approximately 1 year ago in which he sustained a serious bump on the head leaving him in a coma for 3 days. He stated that Maria M. was responsible for taking Rodrigo to the doctor for follow-up visits regarding this injury, but she failed to do so. Instead, Rodrigo V. has been taking his son to the doctor and has been caring for him for approximately 1 month. As a result of this testimony, the trial court found probable cause and urgent and immediate necessity to remove Rodrigo from the custody of Maria M. The trial court ordered temporary custody of Rodrigo to his father.
The trial court then heard argument with respect to the placement of B.C., who was living with her godmother, and Javier, who was living with Maria M. The assistant guardian ad litem argued that the biting of Rodrigo supported a finding of an "environment injurious" in accordance with the Act. Regarding Javier, the trial court found probable cause and urgent and immediate necessity to remove him from Maria M.'s custody and awarded temporary custody of him to Gary T. Morgan, the DCFS guardianship administrator. It then dismissed the petition as to B.C., finding no probable cause and ruled that she would remain in the care of her godmother. Consequently, Maria M. retains custody of B.C. and can take her from her godmother at any time. On September 28, 1992, an appeal was filed with this court on behalf of B.C.
We will address the issues raised by the State collectively. Essentially, it opines that Maria M.'s physical abuse and neglect of B.C.'s brothers were sufficient to establish probable cause, finding that Maria M. created an environment injurious to B.C.'s welfare. We agree.
A petition for the adjudication of wardship must be brought in the best interests of the child. (Ill.Rev.Stat.1991, ch. 37, par. 801-1 et seq.) It may only be dismissed if the trial court determines that there is no probable cause to believe that the minor is abused, neglected or dependent. (Ill.Rev.Stat.1991, ch. 37, par. 802-10(1).) The Act defines "neglect" as "any minor under 18 years of age whose environment is injurious to his or her welfare[.]" (Ill.Rev.Stat.1991, par. 802-3(1)(b).) It is the State's onus to prove an allegation of neglect by a preponderance of the evidence. In re S.D. (1991), 220 Ill. App.3d 498, 502, 163 Ill.Dec. 207, 581 N.E.2d 158.
Generally, "neglect" is viewed as the failure to exhibit the regard necessitated by the circumstances and includes the willful and intentional disregard of parental duties. (In re Stilley (1977), 66 Ill.2d 515, 6 Ill.Dec. 873, 363 N.E.2d 820, citing People ex rel. Wallace v. Labrenz (1952), 411 Ill. 618, 104 N.E.2d 769.) "The concept of an injurious environment is an amorphous one which cannot be defined with particularity, but rather each case should proceed on its own facts." (In re Carlenn H. (1989), 186 Ill.App.3d 535, 540, 134 Ill.Dec. 613, 542 N.E.2d 959.) A finding of neglect should be made by the trial court and will not be disturbed absent an abuse of discretion. See In re Stilley (1977), 66 Ill.2d 515, 6 Ill.Dec. 873, 363 N.E.2d 820.
The evidence gathered at the hearing demonstrated that, while she was intoxicated, Maria M. bit B.C.'s brother, Rodrigo. When the police later found her "roaming the streets drinking," they arrested her for biting Rodrigo. At this time, Javier was the only child living with her. Maria M. previously left B.C. with her godmother without providing instructions for her care and without retaining responsibility for her care.
The Act provides that "proof of the abuse, neglect or dependency of one minor shall be admissible evidence on the issue of abuse, neglect or dependency of any other minor for whom the respondent is responsible." (Ill. Rev.Stat.1991, ch. 37, par. 802-18(3).) Therefore, Maria M.'s abuse and neglect of Javier and Rodrigo are admissible as proof of the neglect of B.C. The fact that B.C. resided with her godmother is of no consequence as Maria M. retained custody of her and could remove her from her godmother's *572 home at any time. Effectively, this possibility of removal left B.C. subject to the abuse and neglect endured by both Rodrigo and Javier.
We have held that evidence of the abuse of a sibling is sufficient to establish a prima facie case of neglect as to another child based on an injurious environment. (In re David D. (1990), 202 Ill.App.3d 1090, 148 Ill.Dec. 369, 560 N.E.2d 966.) We find that the trial court abused its discretion in determining there was no probable cause to believe that Maria M. neglected B.C. and provided an environment injurious to her welfare.
For the aforementioned reasons, the judgment of the circuit court of Cook County dismissing the State's petition regarding B.C. is reversed and the cause is remanded for further proceedings.
Reversed and remanded.
CAHILL, P.J., and HOFFMAN, J., concur.