RICHARD GENENDER *et al.*, Plaintiffs-Appellants, v. RICHARD ERLICH *et al.*, Defendants-Appellees.

First District (1st Division)    No. 1—93—1240

Opinion filed March 27, 1995.—Rehearing denied June 21, 1995.

George N. Vurdelja, Jr., and Griswold L. Ware, both of Chicago, for appellants.

Braun & Rivkin, Ltd., of Chicago (Bernard L. Rivkin and Lee M. Weisz, of counsel), for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Richard and Carla Genender, appeal an order of the circuit court of Cook County, granting partial summary judgment in favor of Richard Erlich (Erlich), Robert A. Levin (Levin) and ERL Development (cumulatively, defendants), in an action by plaintiffs for rescission of a contract for the sale of real estate. On appeal, plaintiffs contend that the trial court erred in dismissing counts I, II and III of their first amended complaint. For the following reasons, we reverse the judgment of the trial court.

The record reveals the following relevant facts. On or about September 13, 1989, plaintiffs visited a house for sale by defendants, real estate developers, located at 1824 North Fremont Street, Chicago. At that time, the property was still under construction, but

would be improved with a two-story, single-family house, a garage and outside decks. The front third of the house is a renovated structure, while the rear two-thirds of the house is brand new construction. The garage is also new construction.

Plaintiffs examined a written brochure obtained from Levin and a specification sheet containing information about the property. Later, plaintiffs reviewed the stamped plans and specifications containing the details of the construction and discussed the property with Levin. On November 13, 1989, plaintiffs signed a contract to purchase the house for $675,000. Plaintiffs closed the sale of the property on December 15, 1989, and moved into the house on January 26, 1990.

On June 12, 1990, plaintiffs filed a six-count complaint[1] seeking rescission of a contract for the sale of the house (counts I through III), and damages for breach of contract and consumer fraud (counts IV through VI). In their first amended complaint, filed on February 28, 1991, plaintiffs allege that shortly after moving into the house, they discovered numerous structural and other defects, which they allege violated the Chicago building code and are contrary to the offering sheet, stamped plans and specifications for the house. Plaintiffs listed numerous examples of alleged defects and their results, including: improperly supported floors and ceilings; water infiltration and flooding; sewage back-up: toxic and other odor leaks; disintegrating exterior material; and improper heating, ventilation and cooling. Plaintiffs also alleged that the garage is incorrectly constructed, as evidenced by water infiltration, and is located over plaintiffs' property line.

Plaintiffs requested rescission of the contract for sale of the house on the theories of: common law fraud (count I); substantial nonperformance of contract terms (count II); and statutory consumer fraud (count III). Plaintiffs further requested damages for: breach of contract and express contractual warranties (count IV); breach of implied warranty of habitability (count V); statutory consumer fraud (second count V); and common law consumer fraud (count VI). In plaintiffs' count for breach of the implied warranty of habitability, plaintiffs request alternatively an award of judgment in the full amount of the cost of repairs, if repairs are possible, and if not, an order that the property be sold to the highest bidder, and a judgment

---

[1]Plaintiffs' complaint actually contains seven counts; two counts are numbered as "count V," one alleging "Damages for Breach of Implied Warranty of Habitability," and the other alleging "Damages for Violation of Consumer Fraud and Deceptive Practices Act."

amount equal to the $675,000 plaintiffs paid for the house, plus expenses and damages.

On November 18, 1992, defendants filed a motion for partial summary judgment on count V of plaintiffs' amended complaint for violation of the implied warranty of habitability. Defendants argued that plaintiffs are precluded from obtaining a rescission of the contract for sale of the property or invoking the implied warranty of habitability on the grounds that the plaintiffs have continuously occupied the property since January 1990 and have taken only minimal steps to repair or remedy the structural or plumbing defects of which they complain. Defendants further argued that plaintiffs failed to identify an expert witness.

Plaintiffs filed a response, attaching affidavits, letters, and excerpts of deposition testimony. Plaintiffs argued that defendants' motion failed to negate all of the allegations set forth in count V of plaintiffs' complaint, failed to provide supporting affidavits, and that failure to identify expert witnesses is not grounds for summary judgment. Plaintiffs attached the affidavit of Lloyd E. Wevang, a consulting structural engineer, who stated that he observed problems with the house that merit further investigation, which would involve partial removal of some of the architectural finishes to expose structural elements and their connections in questions.

Plaintiffs also attached the affidavit of Patrick Fitzgerald, a registered professional architect. Fitzgerald stated that he examined the house and determined that a substantial amount of remedial work is necessary to "put the house into what we would consider acceptable condition." Fitzgerald stated that a complete specification would require removal of portions of drywall, because there are no "as built" drawings. Fitzgerald further stated that it is necessary to entirely replace the stucco material on the outside of the house.

Defendants filed a reply brief in support of their motion, disputing plaintiffs' response. Defendants argued that plaintiffs failed to distinguish authority which requires that plaintiffs move out of the house in order to seek rescission and that the affidavit of the architect did not support the allegation of serious structural damage.

Following a hearing on January 27, 1993, the trial court determined that the plaintiffs could not claim rescission where they have already lived in the house for three years. The trial court stated:

"They might have gotten a rescission but they can't have the fruits of it and then say, 'We want this rescission to carry on for three years,' and say, 'We don't know, We want to find out.'

This is not a rescission. It's gone. It's a Law Division case."

The trial court entered an order dismissing counts I, II and III of

plaintiffs' amended complaint with prejudice and transferred the remaining counts IV through VI to the law division of the circuit court.

On February 26, 1993, plaintiffs filed a motion for reconsideration of the trial court's order or, in the alternative, for a finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Plaintiffs argued that there is no authority for the proposition that a claim for rescission may be eliminated as a matter of law on the ground that plaintiffs continued to occupy the house during the pendency of the litigation. Plaintiffs further argued that rescission is a proper remedy for fraudulent concealment of latent defects. Plaintiffs noted their continuing inability to obtain information revealing how the house was constructed or estimates of the costs of repairs.

On March 12, 1993, the trial court entered an order finding no just reason to delay enforcement or appeal of its order of January 27. Plaintiffs' timely appeal followed.

On appeal, plaintiffs contend that the trial court erred in granting defendants' motion for partial summary judgment, dismissing counts I, II and III of their first amended complaint for rescission. Plaintiffs argue that they are entitled to rescission despite the fact that they continue to occupy the house, and that genuine issues of material fact remain as to whether defendants made material misstatements to them which they relied upon in purchasing the house.

■ In appeals from summary judgment rulings, we conduct a *de novo* review. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102, 607 N.E.2d 1204.) Summary judgment is proper where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (735 ILCS 5/2—1005(c) (West 1992).) Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867). An order granting summary judgment will be reversed if the reviewing court finds the existence of a genuine issue of material fact. *Prodromos v. Forty East Cedar Condominium Association* (1994), 264 Ill. App. 3d 363, 636 N.E.2d 846.

Plaintiffs argue that rescission is the proper remedy for a breach of the implied warranty of habitability. In support, plaintiffs rely on *Cotter v. Parrish* (1988), 166 Ill. App. 3d 836, 520 N.E.2d 1172. There, the plaintiffs purchased an underground house and detached garage/barn from the defendant, a building contractor, who had built the house and previously lived in it for nearly four years. At the time of

the sale, the defendants assured the plaintiffs that the house had no problems, cracks or leaks. However, immediately upon moving into the house in December 1981, the plaintiffs noticed a crack in the garage/barn which had been hidden from view during previous inspections of the house. Within one year, plaintiffs discovered multiple latent defects, including: an improperly and dangerously configured wood stove flue; leaks in many areas of the house and garage during rains; walls exhibiting mold and mildew and emitting a foul odor; and rotted and "honeycombing" wall studs. The plaintiffs spent approximately $500 to repair the flue pipe. The plaintiffs mailed a letter of rescission of the contract for deed to the defendants in June 1983, but continued to make monthly payments and resided on the property until December 1983. Plaintiffs subsequently moved out of the house, the defendants repossessed the house in May 1984, made repairs, and rented the house in July 1985. (*Cotter*, 166 Ill. App. 3d at 838-39.) Following a trial, the trial court found that the defendants had breached the implied warranty of habitability and granted a rescission of the contract. *Cotter*, 166 Ill. App. 3d at 839-40.

This court affirmed the judgment of the trial court on appeal, noting that the warranty of habitability operates to protect purchasers of new homes upon discovery of latent defects and that the mere fact that the house is capable of being inhabited does not satisfy this implied warranty. *Cotter*, 166 Ill. App. 3d at 840, citing *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 183, 441 N.E.2d 324, 330; *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 41, 389 N.E.2d 1154, 1158.

Plaintiffs also rely on *Finke v. Woodard* (1984), 122 Ill. App. 3d 911, 462 N.E.2d 13. There, the plaintiffs purchased a new house built by the defendant and moved into the house in June 1977. The plaintiffs began to experience problems with the home upon taking possession, including movement of the interior walls, cracking, flooding, and improperly installed septic and water conditioning systems. The plaintiffs filed a complaint in 1981 and, in 1982, amended the complaint to include a count for rescission of the sales contract. The plaintiffs continued to occupy the house during the trial. Following the trial, the jury awarded plaintiffs rescission of the sales contract and deed and damages. (*Finke*, 122 Ill. App. 3d at 913-14.) This court affirmed on appeal, stating:

> "We agree that not every breach of an implied warranty of habitability is sufficient for an award of rescission, but the proof here shows a substantial breach of defendant's contractual duty to construct a house reasonably fit for its intended use." *Finke*, 122 Ill. App. 3d at 917.

In the present case, plaintiffs' first amended complaint alleges that the house has a myriad of latent defects. Plaintiffs argue that the defects in the property cannot be exhaustively listed until they can implement "destructive testing," which involves removal of some architectural finishes, and that it would be a financial burden for them to move out of the house because they both live and work in the house. The record includes affidavits of two experts retained by plaintiffs, attached to plaintiffs' response to defendants' motion for partial summary judgment, who attest to problems in the house, and note the difficulty in determining the extent of alleged defects as a result of the unavailability of any "as built" drawings.

Defendants fail to provide any authority for their contention that the plaintiffs are required to expend a certain amount of money on repairs to qualify for a rescission. Further, defendants' reliance on *Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154, in support of their contention that plaintiffs must move out of the house to obtain a rescission is misplaced. *Petersen* held that implied in the contract for sale from a builder-vendor to the vendee is a warranty that the house, when completed and conveyed to the vendee, would be reasonably suited for its intended use. (*Petersen*, 76 Ill. 2d at 42; see also *McClure v. Sennstrom* (1994), 267 Ill. App. 3d 277 (extending warranty of habitability to new house built on existing foundation).) In *Petersen*, the plaintiffs discovered latent defects in the house prior to the sale and occupation of the house and refused to complete the sale. The defendant notified the plaintiffs that they forfeited their deposit money, and the plaintiffs sued and won. The supreme court stated: "We do not decide in this case what the appropriate remedy would have been if the defects had not been discovered until after the deed had been delivered." (*Petersen*, 76 Ill. 2d at 44.) Defendants' other authority, *Schleyhahn v. Cole* (1989), 178 Ill. App. 3d 111, 532 N.E.2d 1136, is inapposite, as it does not involve a rescission claim.

Defendants fail to distinguish *Cotter* and *Finke* from the present case. Defendants argue that plaintiffs have an adequate remedy at law, as set out in the damage claims of the last three counts of their complaint, and that equity can be invoked only in the absence of an adequate legal remedy. In support, defendants rely on *Siegel v. Levy Organization Development Co.* (1991), 219 Ill. App. 3d 579, 579 N.E.2d 1112. There, the plaintiff filed a complaint in the chancery division of the circuit court for rescission, restitution and damages, alleging that the defendant breached its contract to build an unobstructed terrace in a luxury condominium. The trial court granted defendants' motion to transfer plaintiff's case to the law division, finding that plaintiff

had an adequate remedy at law, and granted summary judgment on all counts of the plaintiff's complaint. *Siegel*, 219 Ill. App. 3d at 583-84.

On appeal, this court affirmed the judgment of the trial court transferring the cause, noting that equitable relief is not available if there is an adequate remedy at law (*La Salle National Bank v. Refrigerated Transport Co.* (1987), 165 Ill. App. 3d 899, 900, 520 N.E.2d 768, 769), and that the plaintiff's complaint sought in the alternative to rescission and restitution, actual and compensatory damages in the amount of all monies paid under the contract. (*Siegel*, 219 Ill. App. 3d at 584-85.) However, this court also reinstated the plaintiff's count for rescission of the purchase agreement on the basis of common law fraud, finding that material issues of fact remained as to whether the plaintiff was informed of the existence of obstructing support posts on the terrace. *Siegel*, 219 Ill. App. 3d at 586-87.

■ In the present case, defendants have cited no authority to show that the law *ipso facto* precludes an action for rescission of the contract for the sale of the Fremont house under the facts and circumstances of this case. In fact, authority exists contrary to defendants' contention. The plaintiffs are not required to prove their case at this stage in the litigation, and the record indicates that material issues of fact remain as to whether the house on Fremont has substantial construction defects which do not conform with the plans and specifications that the plaintiffs examined. Further, the plaintiffs have raised allegations of fraud and misrepresentation, from which they may be entitled to equitable relief under the law. As the moving party, defendants have therefore failed to meet their burden of showing that the record is free from doubt as to their right to relief, and we reverse and remand this cause for further proceedings consistent with this opinion.

For the reasons stated herein, we therefore reverse the judgment of the trial court.

Reversed and remanded.

WOLFSON and BRADEN, JJ., concur.