*In re* J.H. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Kerrie M., Respondent-Appellant).

First District (6th Division)    No. 1—96—2913

Opinion filed October 24, 1997.

Rita A. Fry, Public Defender, of Chicago (Bruce C. Landrum, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Nancy L. Grauer, and Lisa D. Kurtzon, Assistant State's Attorneys, of counsel), for the People.

Patrick T. Murphy, Public Guardian, of Chicago (Lee Ann Lowder and Kristin K. Woods, of counsel), for appellees.

JUSTICE ZWICK delivered the opinion of the court:

Respondent Kerrie M. was convicted of the first degree murder of an 11-year-old girl to whom she was not related. Based on that conviction, the trial court granted the State's motion for summary judgment in a proceeding to terminate respondent's parental rights, finding that she was an unfit parent. Respondent contends on appeal that the trial court erroneously granted the State's motion for summary judgment because it misinterpreted the Adoption Act (Act) (750 ILCS 50/1 *et seq.* (West 1994)).

The State filed petitions for the appointment of a guardian for respondent's children. The petition provided in part that respondent had been "criminally convicted resulting from the death of a child by physical child abuse in violation of [section 1(D)(f) of the Act]." The State later filed a motion for a summary judgment finding that respondent was an unfit parent, stating that respondent had been convicted of the first degree murder of an 11-year-old girl and was therefore an "unfit person" according to section 1(D)(f) of the Act. The trial court granted the State's motion for summary judgment.

On appeal, respondent contends that the trial court erroneously granted the State's motion for summary judgment because it misinterpreted "any child" in section 1(D)(f) to include a child not related to respondent. Summary judgment shall be entered when

"the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1994).

"Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt." *Genender v. Erlich*, 272 Ill. App. 3d 895, 899, 651 N.E.2d 544 (1995). We review the trial court's decision on summary judgment *de novo* to determine whether reversal is warranted by a genuine issue of material fact or an erroneous interpretation of law. *Zoeller v. Augustine*, 271 Ill. App. 3d 370, 374, 648 N.E.2d 939 (1995).

Section 1(D)(f) of the Act provides:

> " 'Unfit person' means any person whom the court shall find to be unfit to have a child, without regard to the likelihood that the child will be placed for adoption, the grounds of such unfitness being ***

* * *

> *** a criminal conviction resulting from the death of any child by physical child abuse ***." 750 ILCS 50/1(D)(f) (West 1992).

The Act is to be liberally construed (*In re Donte A.*, 259 Ill. App. 3d 246, 252, 631 N.E.2d 257 (1994), citing 750 ILCS 50/20 (West 1992)), and the overriding concern of the Act is the best interests of the child (*In re Marriage of T.H.*, 255 Ill. App. 3d 247, 253, 626 N.E.2d 403 (1993); see 750 ILCS 50/20a (West 1994)). "Where the statutory language is clear, it will be given effect without resort to other aids for construction." *Augustus v. Estate of Somers*, 278 Ill. App. 3d 90, 97, 662 N.E.2d 138 (1996). Section 1(D)(f) of the Act states that a ground for unfitness includes a criminal conviction resulting from the death of any child by physical child abuse. The Act does not state that the child must be related to the parent alleged to be unfit. Furthermore, the Act provides that "unless the context otherwise requires," a "child" is "a person under legal age subject to adoption under this Act," and does not specify that any relationship is required. 750 ILCS 50/1(A) (West 1994). Section 1(B) defines "related child." 750 ILCS 50/1(B) (West 1994). Section 1(D)(f) includes "any child," not a "related child." 750 ILCS 50/1(D)(f) (West 1994). The language of that section is clear. The trial court did not erroneously interpret the Act when it granted the State's motion for summary judgment. See *Zoeller*, 271 Ill. App. 3d at 374.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

THEIS and QUINN, JJ., concur.