*In re* T.B., JR., *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Terry B., Sr., Respondent-Appellant).

Third District   No. 3—01—0025

Opinion filed August 24, 2001.

John A. Bernardi, of Pekin, for appellant.

Stewart Umholtz, State's Attorney, of Pekin (John X. Breslin and Dawn D. Duffy, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Rhonda Foster, of Pekin, guardian *ad litem*.

JUSTICE LYTTON delivered the opinion of the court:
The respondent, Terry B., Sr. (Terry), was charged with neglect of

his child because he had been convicted of predatory criminal sexual assault. The State filed a motion for summary judgment, which the trial court granted. We reverse and remand for further proceedings.

## FACTS

On October 28, 1999, an assistant State's Attorney for Tazewell County filed a petition under section 2—3(1)(b) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2—3(1)(b) (West 1998)), alleging that Terry was guilty of neglecting his minor son due to the injurious environment created by Terry's conviction for predatory criminal sexual assault of a child. Terry filed an answer admitting the conviction but denying that it created an injurious environment for his son as a matter of law. The State filed a motion for summary judgment, arguing that "[t]he nature of the offense *** is sufficient evidence to support a finding that the environment of the Minor *** is injurious to his welfare even though [Terry's] sexual abuse was perpetrated on a female child under the age of 13." The trial court granted the State's motion.

## DISCUSSION

●1 In reviewing a summary judgment order, we will consider *de novo* whether any genuine issue of material fact remained and, if not, whether judgment was properly entered as a matter of law. *Prodromos v. Forty East Cedar Condominium Ass'n*, 264 Ill. App. 3d 363, 367, 636 N.E.2d 846, 849 (1994).

Terry argues that it is improper to grant summary judgment for the State without considering facts related to his conviction that are outside the record at this stage of the proceedings.

The State and the attorney for the minor contend that the entry of summary judgment is supported by the decisions in *In re David D.*, 202 Ill. App. 3d 1090, 560 N.E.2d 966 (1990), and *In re Harpman*, 146 Ill. App. 3d 504, 496 N.E.2d 1242 (1986). However, these decisions are inapplicable to the instant case.

In *David D.*, the trial court dismissed the case against the respondent because the State failed to make a *prima facie* case. On review, the appellate court held that the State's *prima facie* showing at trial that the father had sexually abused his daughter in their house was sufficient to constitute an injurious environment for the girl's brother. *In re David D.*, 202 Ill. App. 3d at 1094, 560 N.E.2d at 968. The court remanded the cause for continuation of the trial and the presentation of the father's case. In *In re Harpman*, 146 Ill. App. 3d 504, 496 N.E.2d 1242 (1986), the court affirmed the trial court's finding of an injurious environment *after* the completion of full evidentiary hearings.

In contrast to these cases, this case involves a summary judgment

order that precludes Terry from presenting evidence. The issue here is whether the mere existence of a conviction for sexual abuse of a minor is a sufficient basis, standing alone, to constitute an injurious environment *per se*. At this stage of the proceedings, we are not concerned about the quantum of evidence necessary to meet the State's initial burden of proof at trial or, whether, after trial, there is sufficient evidence to prove an injurious environment.

Terry cites *In re L.M.*, 319 Ill. App. 3d 865, 866, 747 N.E.2d 440, 441 (2001), in support of his argument. In *L.M.*, the State filed a petition alleging that the respondent's minor child was neglected because she was left in his care after he was convicted of aggravated criminal sexual abuse against the child's teenage mother. At the close of the State's case, the respondent filed a motion for a directed finding, arguing that the State had not met its burden of showing the child's environment was injurious to her welfare; the motion was denied, and at the conclusion of the trial, the State's petition was granted. The appellate court reversed, holding that a directed finding should have been entered against the State because the respondent's status as a sex offender, by itself, did not prove an injurious environment. *In re L.M.*, 319 Ill. App. 3d at 868, 747 N.E.2d at 443.

•2 We read this case narrowly to apply only to its unique facts and believe that the entry of a directed finding for a respondent in this type of case would rarely be justified. However, we find that the mere fact that a respondent has been convicted of a sex offense against a minor, without more, is insufficient to create an injurious environment as a matter of law. Our supreme court has stated that parents have a strong fundamental liberty interest in the care and custody of their children. See *In re A.H.*, 195 Ill. 2d 408, 423, 748 N.E.2d 183, 192 (2001). This constitutional interest is implicated whenever the State seeks to remove a child from the custody of a parent. See *In re A.H.*, 195 Ill. 2d at 422-23, 748 N.E.2d at 192. The respondent's due process rights as a parent are undermined when a neglect finding is entered based entirely on the respondent's conviction of a sex offense against a minor, without giving the respondent an opportunity to present evidence.

Moreover, we believe that genuine questions of material fact remain in this case, precluding the entry of summary judgment. The State's petition and motion for summary judgment allege only that Terry was convicted of sexually abusing a "female child under the age of 13." Although the State's neglect petition notes the number of Terry's criminal case, there is no indication that the trial court reviewed this file or considered any of the specific facts contained in it relating to Terry's conviction prior to rendering its decision.

The State claims that "[t]he respondent *** presented no evidence to rebut the *prima facie* evidence of neglect" and, in fact, admitted his conviction. The presentation of a *prima facie* case is in petitioner's initial burden of proof at trial. See generally *Denis F. McKenna Co. v. Smith*, 302 Ill. App. 3d 28, 31, 704 N.E.2d 826, 829 (1998). Here, there has been no trial. Since summary judgment was entered for the State, Terry has been denied the opportunity to present his case to the trier of fact.

Finally, the attorney for the minor argues that "the court could draw the inference that an injurious environment exists" from the factual allegations in the pleadings and the classification of the offense for sentencing purposes. However, the existence of more than one possible reasonable inference from the alleged facts indicates that questions of material fact remain to be decided at trial by the fact finder. *Tribune Co. v. Allstate Insurance Co.*, 306 Ill. App. 3d 779, 790, 715 N.E.2d 263, 272 (1999) (as modified on denial of rehearing).

Under these circumstances, summary judgment is inappropriate, and a full evidentiary hearing is required. At such a hearing, both parties can fully develop all the facts relevant to the trial court's decision. The trial court erred by granting the State's motion for summary judgment.

## CONCLUSION

The judgment of the circuit court of Tazewell County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HOLDRIDGE and McDADE, JJ., concur.